S

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 3:17-CR-22-CAR |
|---|---|---|
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| STEVEN LAWRENCE ELLIOTT, | : | 18 U.S.C. § 2251 |
| | : | 18 U.S.C. § 2252 |
| Defendant. | : | 18 U.S.C. § 2261A |
| | : | 18 U.S.C. § 2261(b) |
| | : | 18 U.S.C. § 2253 |
| | : | |
| | : | **FILED UNDER SEAL** |

**THE GRAND JURY CHARGES:**

### COUNT ONE
### Sexual Exploitation of a Child

From in or about July of 2011 through in or about December of 2011, in the Athens Division of the Middle District of Georgia,

### STEVEN LAWRENCE ELLIOTT,

defendant herein, employed, used, persuaded, induced, enticed, and coerced any minor, including Jane Doe 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported using, and in and affecting, any means and facility of interstate and foreign commerce; using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and the visual depiction was transported using, in and affecting, any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

### COUNTS TWO AND THREE
### Distribution of Child Pornography

On or about the dates below, in the Athens Division of the Middle District of Georgia,

**STEVEN LAWRENCE ELLIOTT,**

defendant herein, knowingly distributed, and attempted to do so, any visual depiction using any means and facility of interstate and foreign commerce; which has been shipped and transported in and affecting interstate and foreign commerce; which contains materials which have been mailed, shipped, and transported by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct; each instance below being a separate violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

| Count | Approximate Date | Means and Facility of Interstate and Foreign Commerce | Victim |
|---|---|---|---|
| Two | December 24, 2015 | Email | Jane Doe 1 |
| Three | December 24, 2015 | Facebook | Jane Doe 1 |

## COUNT FOUR
### Cyberstalking

From in or about July of 2011 through the date of this Indictment, in the Athens Division of the Middle District of Georgia,

**STEVEN LAWRENCE ELLIOTT,**

defendant herein, with the intent to harass and intimidate, used an interactive computer service and an electronic communication service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, specifically email, Twitter, Facebook, online chat, instant messages, and the Internet, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Jane Doe 1 and an immediate family member of Jane Doe 1; all in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b).

## FORFEITURE NOTICE

1. The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 2253.

2. Upon conviction of the offense(s) in violation of Title 18, United States Code, Sections 2251(a) and (e) set forth in Count One; and/or Title 18, United States Code, Sections 2252(a)(2) and (b)(1) set forth in Counts Two and Three of this Indictment, the defendant,

**STEVEN LAWRENCE ELLIOTT**,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 2253:

(a) Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

(b) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

(c) Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

3. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred, sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

All pursuant to 18 U.S.C. § 2253.

A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

Presented by:

G. F. PETERMAN, III
UNITED STATES ATTORNEY

PETER D. LEARY
ASSISTANT UNITED STATES ATTORNEY

RYAN K. DICKEY
SENIOR COUNSEL
COMPUTER CRIME AND INTELLECTUAL PROPERY SECTION

Filed in open court this __14__ day of June, AD 2017.

_____
Deputy Clerk

4